JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
JAMES C. HUGHES (Cal. Bar No. 263878)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2579
     Facsimile: (213) 894-6269
     E-mail:    james.hughes2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>YONG JIANG,<br><br>          Defendant. | No. 2:24-CR-00187-JLS<br><br>GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT YONG JIANG<br><br>Sentencing Date:   2/7/2025<br>Sentencing Time:   10:00 AM<br>Location:    Courtroom of the<br>             Hon. Josephine L.<br>             Staton |

     Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney James C. Hughes, hereby files its sentencing recommendation regarding defendant Yong Jiang.  The Probation Office has recommended that defendant be sentenced to a two-year term of probation based on a Guideline offense level computation of level 12.  While the government agrees with the Probation Office's offense level computation, for the reasons set forth herein, the government believes that defendant's

offense warrants a term of incarceration.  However, as defendant has already spent eight months in custody prior to his release on bond on November 15, 2024, the government would recommend that the Court impose a sentence of eight months incarceration with time-served, with a two-year period of supervised release to follow.  As explained below, the government believes that this sentence will provide just punishment for the offense of conviction while taking account of defendant's personal and familial circumstances.

**I.   Offense Conduct**

During the period at issue in this case, defendant was the CEO of Quickfish Supply Chain, Ltd, a logistics business in Shenzhen City, China. (PSR ¶¶ 12, 72).  Defendant's business provided shipping services to e-commerce businesses in the People's Republic of China, who would contract with defendant to ship and deliver packages from China to their customers in the United States.  (Id. at ¶ 12). Beginning as early as May 1, 2023 and continuing through at least May 24, 2023, defendant conspired with Lijuan Chen ("Chen") and Chuanhua Hu ("Hu"), to defraud the United States Postal Service through the use of false and counterfeit PC postage shipping labels.  (CR. 32 ¶¶ 31-34).  During this period, defendant purchased large volumes of the counterfeit PC Postage shipping labels from Hu and Chen and used this counterfeit postage to ship packages on behalf of his business throughout the country.  (Id.)  To avoid detection of his fraud, defendant purchased different types of counterfeit postage based on the belief that certain types of counterfeit postage (i.e. underweighted postage vs. wholly fabricated postage) were harder to detect than others.  (Id. at ¶ 37).  Defendant's use of counterfeit

postage caused losses to the United States of between $40,000 and $95,000. (Id. at ¶ 40).

## II. Advisory Sentencing Guidelines

The Probation Office calculates defendant's Guideline offense level at a level twelve, based on an adjusted offense level seventeen under USSG § 2X1.1(a) and 2B5.1, a three-level adjustment for acceptance of responsibility under USSG § 3E1.1(b), and a two level zero-point offender adjustment under USSG § 4C1.1. (PSR ¶¶ 26-44). The government agrees with the Probation Office's computation and believes no additional adjustments are appropriate in the present circumstance.

## III. Restitution

The Probation Office recommends that defendant pay restitution to the United States Postal Service of $95,000. (Id. at ¶¶ 98-99). The government agrees with the Probation Office's computation.

## IV. Government's Sentencing Recommendation

In this case, defendant willfully conspired with others to defraud the Postal Service through the use of false and counterfeit postage, causing the government significant financial losses. Defendant undertook this conduct with deliberation and structured his purchases of counterfeit postage in a manner designed to maximize the chances that his fraud would not be uncovered by the Postal Service. Given the brazen nature of defendant's fraud, the government recommends that defendant be sentenced to a period of eight-months incarceration with credit for time-served, with a two-year period of supervised release to follow under the same terms outlined in the Probation Office's sentencing recommendation letter. The abovementioned sentence balances the severity of the underlying

offense and the need to deter defendant and others from future conduct with defendant's personal circumstances.

## V. CONCLUSION

For all the foregoing reasons, the government respectfully submits that the factors set forth in 18 U.S.C. § 3553(a) support imposition of a sentence that includes an eight-month term of incarceration with credit for the time already served by defendant during pre-trial detention, a two-year term of supervised release, payment of a $100 special assessment, and payment of restitution in the amount of $95,000.

Dated: January 31, 2025        Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division


         /s/
JAMES C. HUGHES
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA